# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JENNIFER WHITNEY HUDSON,

        Plaintiff,

v.                                                           No. 1:19-cv-00022-WJ-SCY

ACADIA HEALTHCARE COMPANY, INC., et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 1, 2019.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir. 2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)). "The statute [allowing a litigant

to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs.  Plaintiff signed an affidavit declaring that she is unable to pay the costs of these proceedings.  While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. at 339.

**Dismissal of the Case**

Plaintiff alleges that Defendant Acadia Healthcare terminated her employment because of her gender identity, her disability and in retaliation for Plaintiff having complained about harassment and discrimination by co-workers.  *See* Complaint at 2.  Plaintiff states that she "has exhausted all administrative remedies which are required to be exhausted prior to her bringing or maintaining this action."  Complaint at 3.

The Court dismisses this case without prejudice because Plaintiff has not fully exhausted her administrative remedies.  Plaintiff filed her complaint against Defendant Acadia Healthcare with the Equal Employment Opportunity Commission ("EEOC") "on or about January 7th, 2019," which is only three days before she filed her Complaint in this case.  Plaintiff has not alleged that she has received a right-to-sue letter from the EEOC, and the 180-day waiting period has not expired.  *See E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192, 1200 (10th Cir. 2003) ("The EEOC has exclusive jurisdiction over a claim during the 180 days following the filing of a charge with the EEOC by an aggrieved individual . . . . During this time an individual employee may not bring suit in federal court"); *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1276-77 (10th Cir. 2006) (holding

that ADA claim had not "matured" and was subject to dismissal prior to receipt of right-to-sue letter).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed January 1, 2019, is **GRANTED.**

(ii) This case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**